NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEGAN MCKAY, | No.   17-15587 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02317-JAS |
| v. | |
| CITY OF TUCSON, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted April 12, 2018**
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and MORRIS,***
District Judge.

Megan McKay appeals an adverse summary judgment in favor of the City of

Tucson ("the City").  McKay brought this action alleging negligence and seeking

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

to recover damages she suffered when her bicycle tire was lodged in the flangeway gap of a streetcar track. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly held that the City is immune under Ariz. Rev. Stat. § 12-820.03 as a matter of law, and did not erroneously shift the burden of establishing each element of the affirmative defense to McKay. First, there is no genuine dispute of material fact that the injury "arose out of a plan or design for the construction, maintenance, or improvement of a roadway or roadway feature[.]" *Glazer v. State*, 347 P.3d 1141, 1145 (Ariz. 2015). The Sun Link's T-rail track is embedded in the road, and thus constitutes a "roadway or roadway feature." *See Edwards v. Bd. of Supervisors of Yavapai Cty.*, 229 P.3d 233, 234–35 (Ariz. Ct. App. 2010) (holding that the construction of a culvert was covered by § 12-820.03 as a matter of law); *see also* Ariz. Rev. Stat. § 28-601(22) (defining "roadway" as the "portion of a highway that is . . . *ordinarily* used for vehicular travel" (emphasis added)).

The Sun Link was also constructed "for the . . . improvement of a roadway[.]" *Glazer*, 347 P.3d at 1145. That the T-rail track poses a risk to bicyclists does not erase the benefits the Pima County voters perceived when they approved the streetcar project in 2006. In sum, the district court properly applied

the statute's plain language to the undisputed facts in the record. *See Bilke v. State*, 80 P.3d 269, 271 (Ariz. 2003) (en banc).

Second, there is no genuine dispute of material fact that "the plan or design conformed to engineering or design standards generally accepted when the plan or design was prepared[.]" *Glazer*, 347 P.3d at 1145. The City proffered evidence that the Sun Link underwent extensive design and safety review and complied with generally accepted standards. For example, the City developed a Design Criteria Manual for the Modern Streetcar and a Safety and Security Certification Plan, both of which were approved by the Federal Transit Administration.

McKay failed to rebut this evidence. Viewing the expert testimony she proffered in the light most favorable to McKay, her claims fail as a matter of law. Her expert, Gary Bakken, declined to "comment[] on the accuracy of [the City's] arguments[.]" Bakken opined that the City "completely ignores the context of the installation from a user safety and human factors/ergonomics perspective," but provided no authority for the proposition that those standards apply here.

Moreover, McKay's argument that the City "failed to implement any controls to separate bicyclists from the flangeway gap" is refuted by evidence that the City stressed the separation of the travel lanes by installing a bike island and pavement markings. McKay's assertion that the City failed to choose safer alternative designs is also unpersuasive. Even assuming those alternatives were

feasible—and the record indicates that they were not—their mere availability does not establish a material fact issue where the evidence is unrefuted that the City's chosen design conformed to applicable design and engineering standards.  *See id.* at 1146 ("[T]he area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done." (quotation marks and citations omitted)).

Third, there is no genuine dispute that "a reasonably adequate warning was given that would have allowed the public to take suitable precautions."  *Id.* at 1145. As an initial matter, the district court did not err in concluding that a reasonable jury could find the T-rail presented an "unreasonably dangerous" hazard.  *Id.*  But the City carried its burden of proving that there were reasonably adequate warnings.  The City's expert report and testimony demonstrate that the pavement markings, street warning signs, lighting at the intersection, and bike island exceeded industry standards.

In response, McKay relies on Bakken's declaration, which makes various assertions that either lack factual support, are contradicted by the undisputed evidence in the record, or both.  For example, Bakken's testimony that because it "is difficult for a bicyclist to 'see' at night . . . it is difficult for a bicyclist to perceive the sign at night" is neither supported by facts, nor rebuts the City's evidence that the signs exceeded industry standards.  *See Arpin v. Santa Clara*

4

*Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). And Bakken's unsubstantiated assertion that the markings are "so faded from age and abrasion" that they are "impossible to see" at night is contradicted by the record, which indicates the markings had just been installed and have reflective beads.

Averments "in expert affidavits do not automatically create a genuine issue of material fact." *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1440 (9th Cir. 1995). If "the expert opinion is not supported by sufficient facts to validate it in the eyes of the law or when indisputable record facts contradict or otherwise render the opinion unreasonable, summary judgment is appropriate." *Id.* (quotation marks and citation omitted). Bakken's assertions do not raise a triable issue of fact. The district court correctly ruled that no reasonable jury could find that the warnings were not reasonably adequate. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).[1]

2. The district court did not abuse its discretion by denying McKay's motion to strike. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their

---

[1] We decline to address whether Report 57–Track Design Handbook for Light Rail Transit is the proper subject of judicial notice because, even if it were, the report does not raise a triable issue of fact. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1105 (9th Cir. 1999). The City's evidence that it installed various features to separate the travel lanes, as discussed above, was sufficient to show that it complied with the report's suggestion that "the designer should create an exclusive [right-of-way] for light rail tracks whenever possible."

5

local rules." (citation omitted)). McKay has not shown that the district court's finding—that the City's reply raised no new issues—"lies beyond the pale of reasonable justification under the circumstances." *Boyd v. City & Cty. of S.F.*, 576 F.3d 938, 943 (9th Cir. 2009) (quotation marks and citation omitted). McKay has also failed to demonstrate that any alleged error was prejudicial. *Id.* The City is entitled to summary judgment even without the City's controverting statement of facts and attached exhibits.

Costs are awarded to the Appellee. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**